## THE IMPORTERS' AND TRADERS' NATIONAL BANK v. ISAAC LITTELL.

A promissory note, valid in its inception and unaffected by usury, was discounted by the plaintiff for the payee at a rate greater than the legal interest. *Held*, that the defendant, who is the maker of the note, cannot, under the Federal Banking act, set up in his defence usury in the contract of endorsement. The plaintiff is entitled to recover the full amount of principal and interest due on the note.

In *assumpsit*.

Argued at February Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *E. A. & W. T. Day*.

For the defendant, *Robert E. Chetwood.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit is brought to recover the amount due on six promissory notes drawn by the defendant and discounted, in the State of New York, by the plaintiff for the payees, who received the proceeds thereof.

The plaintiff, in discounting said notes, took and reserved a greater rate of discount than six per cent., which was the legal rate of interest in said state.

The questions for adjudication are :

*First.* Is the defendant, the maker of the notes, entitled to set up the defence of usury in the contract of endorsement as against the plaintiff, who is a *bona fide* holder thereof by endorsement from the payees?

*Second.* If the defendant can set up that defence, what forfeiture of interest was incurred by the plaintiff?

Under the laws both of New York and this state, the transfer, by the payee, of a note, valid in its inception and unaffected by usury, at a discount greater than the legal rate of interest, is not a usurious transaction.   On non-payment by the maker, the endorsee may maintain an action upon it against both maker and endorser.   *Cram* v. *Hendricks,* 7 *Wend.* 569 ; *Durant* v. *Banta,* 3 *Dutcher* 624.

The only inquiry is how far the national banking law, in sections 5197 and 5198, has modified this rule.

The same defence was interposed in *Smith* v. *Exchange National Bank,* 26 *Ohio St.* 141, and the court there held that the party with whom the bank had the usurious transaction was the one to whom, under the federal act, the forfeiture of interest was to be adjudged, and that the maker of a valid note could not avail himself of the defence of usury in the contract of endorsement.

This view was manifestly taken by this court in *Bramhall* v. *Atlantic National Bank,* 7 *Vroom* 243.   The judgment of the court necessarily rests upon the assumption that the maker cannot set up an usurious transaction with the payee.   To the

same effect is the case of *Lazear* v. *National Union Bank*, 52 *Md.* 78.

The defence of usury being therefore unavailable in behalf of the maker of these notes, the plaintiff is entitled to judgment for the sum of $14,442.60, with costs to be taxed.